UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSE A. DE LEON VALENTIN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:24-cv-00626-SEP |
| ) | |
| SENTRY SECURITY and ) | |
| THE CLUB ST. LOUIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Jose De Leon Valentin's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3]. For the reasons set forth below, the application is denied.

The Court may authorize commencement of a civil action without prepayment of fees if a plaintiff demonstrates that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Proceeding without prepayment, or *in forma pauperis*, "is a matter of privilege, not of right." *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still provide for "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 334, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

Under the Court's Local Rules: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court." E.D. Mo. L.R. 2.05(A). And the federal statute governing *in forma pauperis* actions, 28 U.S.C. § 1915, requires the applicant to submit "an affidavit that includes a statement of all assets such [plaintiff] possesses." 28 U.S.C. § 1915(a)(1).

The Court cannot assess whether Plaintiff should be granted *in forma pauperis* status because he has not provided any financial information. *See* Doc. [3]. Plaintiff filed the Court's form application, but most of it is blank. Plaintiff states that he received income from employment, gifts or inheritances, and other sources in the last 12 months, but he does not specify how much income he received from those sources, how much he currently has in a

checking or savings account, or what other assets he owns. *Id.* at 1-2. Without that information, the Court cannot determine whether the costs of litigating this matter would prevent Plaintiff from being able to provide for the necessities of life.

Therefore, Plaintiff's application will be denied without prejudice. If Plaintiff wishes to proceed in this action, he must either file a new application with complete answers or pay the full $405 filing fee within thirty (30) days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed Without Prepaying Fees and Costs, Doc. [3], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff a blank Application to Proceed in District Court Without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the full $405 filing fee or submit a completed application within **thirty (30) days** of the date of this Order.

**Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.**

Dated this 12th day of July, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE